# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **WOLFGANG VONMOZART SNIPES,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00542 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DUFFIELD REGIONAL JAIL, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Wolfgang Vonmozart Snipes, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials failed to protect him from another inmate who had threatened his life. After review of the complaint, I find that it must be summarily dismissed.

Snipes is confined at that Southwest Virginia Regional Jail in Duffield. He alleges that on December 27, 2018, Inmate Isaac Henderson threatened to kill him. An officer moved Henderson out of Snipes' cell and into a cell on the lower tier of the housing area. In January, Officer Scott asked Snipes "to take the keepaway off" Henderson because they needed his cell. Compl. 3, ECF No. 1. Snipes agreed and believed the keepaway had been removed. For seven months, Snipes and Henderson lived on the same tier and had recreation at the same time. Snipes was always nervous around Henderson.

On July 24, 2019, Officers Estep and Osbourne moved Henderson into the same cell with Snipes. According to Snipes, after he spent two nights in the same cell with Henderson, "2 people get talked into by another inmate to put a keepaway on" Henderson. *Id.* Thereafter, Officer Scott told Snipes that he had a keepaway on Henderson from December 27, 2018, so Snipes could no longer be housed on the top tier with this inmate. Snipes asked if he could remove the keepaway so that he could stay in the cell where he had been for almost a year. Scott said no. Even after the move based on the keepaway, in his job as a tray server, Snipes had to serve trays to Henderson on at least two occasions.

Snipes signed his § 1983 Complaint on July 31, 2019. He sues Scott, Osborne, and Estep, as well as the jail and two other officials, Templeton and Hayes. As relief, Snipes seeks "punitive damages, and mental anguish." *Id.* at 2.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Snipes cannot prevail in any claim against the jail, because it is not a person subject to being sued under § 1983. *Id.* He also states no viable claim against Templeton and Hayes. In a § 1983 action, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights. The doctrine of respondeat superior has no application" in such cases. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).[1] Because Snipes states no facts about actions these defendants took, personally, to violate his constitutional rights, he fails to state any § 1983 claim against them.

Liberally construed, the Complaint alleges that Scott, Osborne, and Estep housed Snipes on the same tier with Henderson for seven months, despite the keepaway placed in December of 2018. When Scott rediscovered the keepaway in July of 2019, he allegedly "punish[ed]" Snipes by moving him, instead of moving Henderson. Compl. 3, ECF No. 1. My review of the record reflects no viable constitutional claim arising from these contentions.

"Because being assaulted in prison is not part of the penalty that criminal offenders pay for their offenses against society, prison officials are responsible for protecting prisoners from violence at the hands of other prisoners." *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014). To prevail in an Eighth Amendment

---

[1] I have omitted internal quotation marks, alterations, and citations throughout this Opinion, unless otherwise noted.

claim that officials failed to fulfill this responsibility of protection, "a prisoner must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury." *Id.* Snipes has made no such showing. His self-diagnosed nervousness in Henderson's presence, without more, cannot qualify as serious emotional injury. Moreover, Snipes does not allege suffering any physical injury whatsoever as a result of being housed with Henderson for seven months or serving him meal trays. Finally, Snipes does not state facts showing that his assignment to the lower tier has caused him any serious physical or emotional injury or that it is likely to do so.

For the stated reasons, Snipes does not provide facts to support the necessary elements of his § 1983 claims. Therefore, I will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim upon which relief could be granted. Dismissal of the case without prejudice leaves Snipes free to refile his claims in a new and separate civil action if he can overcome the noted deficiencies.

A separate Final Order will be entered herewith.

DATED: October 17, 2019

/s/ *James P. Jones*
United States District Judge